# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

MICHAEL LANG

        Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,

        Defendant.

Case No. 8:23-cv-00261

**ORDER ON FINAL PRETRIAL
CONFERENCE**

A final pretrial conference was held on the 7th day of July, 2026. Appearing for the parties as counsel were:

**FOR PLAINTIFF:**

Nicholas Thompson

Charles A. Delbridge

CASEY JONES LAW FIRM

2150 Third Avenue North, Suite 350

Anoka, MN 55303

**FOR DEFENDANT:**

Scott P. Moore

Jimmie Pinkham

BAIRD HOLM LLP

1700 Farnam Street, Suite 1500

Omaha, NE 68102

1

**(A)**    **Exhibits.**  See attached Joint Exhibit List[1].

Caution: Upon express approval of the judge holding the pretrial conference for good cause shown, the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

**(B)**    **Uncontroverted Facts.**  The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1.    Defendant Union Pacific Railroad Company ("Union Pacific") is an "employer" for purposes of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

2.    Plaintiff Michael ("Lang") was formerly an "employee" (as defined by the ADA) of Union Pacific.

3.    Lang worked for Union Pacific as a Locomotive Engineer.

**(C)**    **Controverted and Unresolved Issues.**  The issues remaining to be determined and unresolved matters for the court's attention are:

**Plaintiff's Claim to Be Decided by the Jury:**

**1. ADA Disparate Treatment Under 42 U.S.C. § 12112(a)**

   a. Plaintiff's Position:

      i. Whether Lang can meet his burden to show that he has a "disability" as that term is defined by the ADA. (Plaintiff believes that none of the elements of this claim are genuinely in dispute, and that resolution of this claim rests on Defendant's direct threat affirmative defense. Plaintiff therefore intends to move for a directed verdict as to this element.)

---

[1] Plaintiff is to provide supplemental documents regarding Defendant's Trial Exhibits 133 and 134 by July 16, 2026.

  ii. Whether Lang can meet his burden to show that he was qualified to perform the essential functions of his position. (Plaintiff believes that none of the elements of this claim are genuinely in dispute, and that resolution of this claim rests on Defendant's direct threat affirmative defense. Plaintiff therefore intends to move for a directed verdict as to this element.)

  iii. Whether Lang can meet his burden to show that Union Pacific imposed work restrictions on him because of his disability. (Plaintiff believes that none of the elements of this claim are genuinely in dispute, and that resolution of this claim rests on Defendant's direct threat affirmative defense. Plaintiff therefore intends to move for a directed verdict as to this element.)

 b. Defendant's Position:

  i. Whether Plaintiff can show he has a "disability" as defined by the ADA.

  ii. Whether Plaintiff can meet his burden to show that he was qualified to perform the essential functions of his position.

  iii. Whether Plaintiff can establish his burden that Union Pacific intentionally discriminated against him because of his alleged disability.

2. ADA Unlawful Screening Under 42 U.S.C. § 12112(b)(6)

 a. Plaintiff's Position

  i. Whether Lang can meet his burden to show that he has a "disability" as that term is defined by the ADA. (Plaintiff believes that none of the elements of this claim are genuinely in dispute, and that resolution of this claim rests on Defendant's business necessity affirmative defense. Plaintiff therefore intends to move for a directed verdict as to this element.)

  ii. Whether Lang can meet his burden to show that Union Pacific adopted a qualification standard prohibiting employees that had had cortical or subcortical strokes from working in safety sensitive

3

positions. (Plaintiff believes that none of the elements of this claim are genuinely in dispute, and that resolution of this claim rests on Defendant's business necessity affirmative defense. Plaintiff therefore intends to move for a directed verdict as to this element.)

iii. Whether Lang can meet his burden to show that he was screened out of his job by that qualification standard. (Plaintiff believes that none of the elements of this claim are genuinely in dispute, and that resolution of this claim rests on Defendant's business necessity affirmative defense. Plaintiff therefore intends to move for a directed verdict as to this element.)

b. Defendant's Position

i. Whether Plaintiff can show he has a "disability" as defined by the ADA.

ii. Whether Plaintiff can meet his burden to show that he was qualified to perform the essential functions of his position.

iii. Whether Plaintiff can meet his burden of demonstrating he was subjected to a qualification standard, employment test, or other selection criteria that screened out or tended to screen out an individual with a disability or class of individuals with a disability.

iv. Whether Plaintiff can meet his burden of showing the alleged qualification standard employment test, or other selection criteria is not job-related for the position in question and no consistent with business necessity.

## Defendant's Affirmative Defense to Be Decided by the Jury

**1. Direct Threat**

a. Plaintiff's Position:

i. Whether Union Pacific can meet its burden to show that because of his disability, Lang would have posed a significant risk of substantial harm to the health or safety of himself or others had he been allowed to continue working in his position.

4

    ii. Whether Union Pacific can meet its burden to show that its direct threat determination for Lang was (i) the result of an individualized assessment, (ii) objectively reasonable, and (iii) based on the most current medical knowledge and/or on the best available objective evidence.

  b. Defendant's Position:

    i. Whether Union Pacific can meet its burden to show Union Pacific's medical examiner issued work restrictions on Plaintiff because without those restrictions Plaintiff posed a direct threat to the health or safety of Plaintiff or others.  A direct threat means a significant risk of substantial harm to the health or safety of the person. The determination that a direct threat exists must be based on an individualized assessment of Plaintiff Phil Lang' ability to safely perform the essential functions of the job at the time the work restrictions were issued. This assessment must be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence.  Union Pacific need not prove that the determination that Lang was a direct threat was correct—only that in making that determination, its medical judgment was objectively reasonable.

    ii. Plaintiff did not assert a reasonable accommodation claim so whether a reasonable accommodation was available is irrelevant and introducing any evidence regarding "reasonable accommodation" would violate Fed. R. Evid. 403.

2. **Business Necessity**

  a. Plaintiff's position: The business necessity affirmative defense is potentially applicable only to Lang's unlawful screening claim. 42 U.S.C. § 12112(b)(6). As to that claim, the elements of the defense include:

    i. Whether Union Pacific can meet its burden to show that its qualification standard, prohibiting employees that had had cortical or

subcortical strokes from working in safety sensitive positions, was (i) job-related for the positions in question, and (ii) consistent with business necessity.

b. Defendant's position:

i. With regard to Plaintiff's intentional discrimination claim, whether Union Pacific can meet its burden of showing the standard, criterion, or policy that it applied with restrictions were issued on Plaintiff was: (1) uniformly applied; (2) job-related for Plaintiff's position; (3) consistent with business necessity; and (4) cannot be met by Plaintiff Phil Lang because of his disability.

ii. If Plaintiff establishes he was subjected to a qualification standard, employment test, or other selection criteria that screened out or tended to screen out an individual with a disability or class of individuals with a disability pursuant to 42 U.S.C. § 12112(b)(6), whether Union Pacific can show the alleged qualification standard employment test, or other selection criteria is job-related for the position in question and consistent with business necessity.[2]

## Damages

Plaintiff's Position:

1.    Whether Lang can meet his burden to show he was damaged as a result of Union Pacific's conduct, including back wages, front wages, and compensatory damages, and the amounts of any such damages.

2.    Whether Lang can meet his burden to show Union Pacific acted with malice or reckless indifference to his right not to be discriminated against on the basis of disability and, if so, the amount of punitive damages.

Defendant's Position:

---

[2] Union Pacific is not conceding it bears the burden, rather than Plaintiff, that any alleged qualification standard employment test, or other selection criteria is job-related for the position in question and consistent with business necessity. Union Pacific asserts Plaintiff carries the burden on that prong of the analysis pursuant to 42 U.S.C. § 12112(b)(6).

Damages to be decided by the jury if Plaintiff prevails on his disparate treatment claim:

1.      Whether Plaintiff can meet his burden to prove he was damaged as a result of Union Pacific's conduct, including back wages and compensatory damages, and the amounts of any such damages.

2.      Whether Union Pacific can meet its burden of proof to show that Plaintiff failed to mitigate his damages, if any.

Plaintiff is not entitled to punitive damages because there is no evidence that Union Pacific acted with malice or reckless indifference to his right not to be discriminated against on the basis of disability. Therefore, punitive damages should not be submitted to the jury.

**For the Court:**

1.      Plaintiff's Motions in Limine (filed July 6, 2026); and

2.      Defendant's Motions in Limine (filed July 6, 2026).

**(D)     Witnesses.**  All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

See attached Plaintiff's Witness List.

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

See attached Defendant's Witness List.

It is understood that, except upon a showing of good cause, no witness whose name and city and state does not appear herein shall be permitted to testify over objection for any purpose except impeachment.  A witness who has been identified as offering testimony solely to establish foundation for an exhibit shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

7

**(E)    Expert Witnesses' Qualifications.**

Experts to be called by plaintiff and their qualifications are:

1.    James A. Mills

See attached CV.

2.    Dr. Peter D. McLeay

Board-certified interventional cardiologist

3.    Dr. Takashi Kawamitsu

Board-certified family medicine doctor

4.    Dr. Prasanna Tadi

Board-certified neurologist

5.    Dr. Arun Kanmanthareddy

Board-certified interventional cardiologist

6.    Dr. Joel T. Cotton

Board-certified neurologist

7.    Dr. Kevin Trangle

See attached CV.

Experts to be called by Union Pacific and their qualifications are:

1.    Dr. Pierre Fayad

Omaha, NE

See attached CV

2.    Dr. Matthew Hughes

Salt Lake City, UT

See attached CV

3.     Dr. John Holland
Puyallup, WA
See attached CV

4.     Dr. Joel T. Cotton, *Plaintiff Treating Provider*
Omaha, NE

5.     Dr. Presarna K.R. Tadi, *Plaintiff Treating Provider*
Omaha, NE

6.     Dr. Takashi Kawamitsu, *Plaintiff Treating Provider*
Council Bluffs, IA

**(F)     Voir Dire.**  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:

The Parties request that the Court allow the submission of voir dire questions no later than

five (5) working days prior to the first day of trial (*i.e.* July 27, 2026) and that the Court conduct a preliminary examination of prospective jurors, with counsel for both parties asking follow-up questions.

**(G)     Number of Jurors.**  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1. Defendant suggests that this matter be tried to a jury composed of twelve (12) members.

9

**(H)    Verdict.**  The parties <u>will not</u> stipulate to a less-than-unanimous verdict.

**(I)    Briefs, Instructions, and Proposed Findings.**  Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

Proposed jury instructions shall be filed by July 20, 2026. The parties agree that trial briefs are not necessary in this case, unless the Court requests. Trial briefs are not necessary.

**(J)    Demonstratives.**  Any demonstrative is to be disclosed to the opposing party by 9:00 A.M. on the business day on which it is intended to be used.

**(K)    Witnesses.**  The parties agree to identify witnesses to be called to testify by: 5:00 P.M. the business day before the witnesses will testify.

**(L)    Other.** The parties shall exchange deposition designations by July 13, 2026, counter-designations and objections to designations by July 20, 2026; and objections to counter-designations by July 23, 2026. Complete designations and any objections, with the highlighted deposition transcripts, shall be filed with the court no later than July 27, 2026. The parties anticipate taking trial depositions of one or more treating providers and will meet and confer regarding designations and provide all designations and objections relevant to these trial depositions to the court by July 27, 2026.

**(M)    Length of Trial.** Counsel estimate the length of trial will consume not less than 4 day(s), not more than 5 day(s), and probably about 5 day(s). The parties request that the Court put the parties on the clock, with each party allotted 50% of the trial time to present and defend their cases. Assuming a 9:00 a.m. to 5:00 p.m. trial day, and taking into consideration the requisite morning, lunch, and afternoon recesses, the parties estimate each trial day will have approximately 6-1/2 hours of time available with the jurors. For a 5-day trial, that amounts to a total of 32.5 hours of actual time. The parties propose that each party be allotted 13 hours of time to present their cases, including direct examination, cross examination, and evidentiary arguments during trial, but excluding voir dire, opening statements and closing arguments. The parties propose

10

allotting 30 minutes for voir dire, 45 minutes for opening statements, and 75 minutes for closing arguments, reserving the remainder of the time as a contingency to address other matters as they arise during trial.

**(N)** **Trial Date.**  Trial is set to begin on August 3, 2026.

**(O)** **Electronic Devices.**

Casey Grennan, paralegal for attorneys at Baird Holm Law Firm, 1700 Farnam Street, Suite 1500, Omaha, Nebraska, shall be allowed to bring laptops, cellphone and an iPad into the courtroom from August 3-7, 2026.

Stacy Cass, paralegal for Union Pacific, 1400 Douglas St., Omaha, Nebraska, shall be allowed to bring laptops, cellphone and an iPad into the courtroom from August 3-7, 2026.

**CASEY JONES LAW FIRM**

*s/Charles A. Delbridge*
Nicholas D. Thompson (MN #0389609)
Charles A. Delbridge (MN #0386639)
CASEY JONES LAW FIRM
2150 Third Avenue North, Suite 350
Anoka, MN 55303

**ATTORNEYS FOR PLAINTIFF**

**BAIRD HOLM, LLP**

/s/*Scott P. Moore*
Scott P. Moore (NE# 20752)
Jimmie Pinkham (NE # 25534)
BAIRD HOLM LLP
1700 Farnam Street
Suite 1500
Omaha, NE  68102-2068
Phone: 402-344-0500
spmoore@bairdholm.com
jpinkham@bairdholm.com

**ATTORNEYS FOR DEFENDANT**

Dated this 7th day of July, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge