IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL LANG,<br><br>            Plaintiff,<br><br>      vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>            Defendant. | **8:23CV261**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on the parties' respective motions in limine. Filing No. 89 (Plaintiff's motion in limine); Filing No. 92 (Defendant's motion in limine). The motions are granted in part and denied in part as set forth herein.

## I.      BACKGROUND[1]

Plaintiff, Michael Lang brings this lawsuit against his former employer, Defendant, Union Pacific Railroad Co., alleging it discriminated against him based on his disability. Union Pacific asserts the defense of direct threat.  The case is set for trial on August 3, 2026.

Lang worked for UP as a locomotive engineer. Filing No. 62-1 at 5.  On May 22, 2018, Lang suffered a stroke while he was at home.  Filing No. 63-3 at 1.  Union Pacific required Lang to undergo a fitness-for-duty review performed by its Associate Medical Director, Dr. Matthew Hughes, prior to returning to work.  Filing No. 62-8; Filing No. 62-10.  On August 24, 2018, Union Pacific placed a 5-year work restriction on Lang due to his stroke.  Filing No. 62-6 at 3.  Lang's other treating physicians presented "return to

---

[1] A more complete Background is provided in the Courts Order on Motion for Summary Judgment.  Filing No. 88.

1

work" without restrictions.  Filing No. 62-13; Filing No. 62-14, Filing No. 62-15, Filing No. 62-16, and Filing No. 62-17.  However, Lang was not allowed to return to his position.

## II.    ANALYSIS

### A. Standard of Review

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).  A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.*  In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.*

Courts are guided by Fed. R. Evid. 401 and 403 in resolving these motions.  A court must evaluate whether the proposed evidence is relevant in that it has "any tendency to make a fact more or less probable than it would be without the evidence" and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Even if the evidence is relevant, a court may preclude it if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**B. Plaintiff's Motion in Limine to Exclude Reference to Lang's disciplinary history at Union Pacific**

Lang seeks to prohibit Union Pacific from introducing any evidence relating to his disciplinary history during his career with the railroad.  Lang argues that such evidence is irrelevant and prejudicial.  Union Pacific states it does not intend to offer any evidence regarding Lang's disciplinary history.  See Filing No. 97 at 1.  Therefore, the Court will grant Lang's motion in limine to exclude reference to Lang's disciplinary history at Union Pacific.  Plaintiff is advised however, that if he "opens the door" and elicits testimony during trial regarding his past work performance, the Court will have to re-examine this issue.

**C. Defendant's Motion in Limine to Prohibit Suggestions that Union Pacific Was Required to Conduct an In-Person Medical Examination**

Union Pacific asks the Court to prohibit Lang from stating or implying that Union Pacific was required to conduct an in-person medical exam in assessing Lang's fitness for duty.

The ADA prohibits an employer from requiring a medical examination or inquiring into the disability status of an employee "unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). However, "[a] covered entity may make inquiries into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d)(4)(B); *accord Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) ("[C]ourts will readily find a business necessity if an employer can demonstrate . . . a medical examination or inquiry is necessary to determine . . . whether the employee can perform job-related duties when the employer can identify

3

legitimate, non-discriminatory reasons to doubt the employee's capacity to perform his or her duties . . . ." (quoting *Conroy v. New York State Dep't of Corr. Servs.*, 333 F.3d 88, 98 (2d Cir. 2003))).  A fitness-for-duty evaluation falls into this category.

Similarly, the ADA permits employers to "include a requirement that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace." See 42 U.S.C. § 12113(b).  "Direct threat" means "a significant risk of substantial harm to the health or safety of the individual or others that cannot be eliminated or reduced by reasonable accommodation."  29 C.F.R. § 1630.2(r).  A determination that an individual poses a direct threat requires an "individualized assessment of the individual's present ability to safely perform the essential functions of the job" and this assessment must also "be based on a reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence."  Id.

While Union Pacific is correct that an in-person exam is not mandatory, whether or not Union Pacific physicians personally examined Lang may be relevant to whether the fitness-for-duty process was sufficiently "individualized," *see* 29 C.F.R. § 1630.2(r), and thus, the Court will not prohibit Lang from referencing the lack of an in-person evaluation as a factor in this inquiry.  Lang states that he does not intend to make this argument at trial.  See Filing No. 99 at 3.  Accordingly, Union Pacific's motion is granted to the extent Lang cannot state or imply Union Pacific was **required** to conduct an in-person medical exam but the motion is denied as to prohibiting Lang from otherwise referencing the lack of an in-person exam as a factor to consider in assessing whether the fitness-for-duty process was adequately individualized.

4

**D. Defendant's Motion in Limine to Prohibit Evidence of Other ADA Suits Against Union Pacific**

Union Pacific seeks to exclude evidence of other ADA lawsuits against it, arguing it is not relevant or is likely to confuse and mislead the jury.  Lang argues that evidence of Union Pacific's alleged past discrimination is relevant.

Union Pacific is correct that the mere fact other plaintiffs have filed ADA lawsuits is inadmissible.  *See, e.g.*, *Argenyi v. Creighton Univ.*, No. 8:09CV341, 2013 WL 4434424, at *6 (D. Neb. Aug. 14, 2013) ("Testimony or other evidence regarding other lawsuits or complaints against a defendant is generally irrelevant; and, if relevant, is likely to confuse or mislead the jury or create undue prejudice.").  However, Lang is correct that evidence of Union Pacific's past actions may be relevant to proving motive or intent under Federal Rule of Evidence 404(b).  *See, e.g.*, *Hawkins v. Hennepin Tech. Ctr.*, 900 F.2d 153, 155 (8th Cir. 1990).

Union Pacific claims that any evidence may come in the form of an undisclosed expert opinion from Dr. Kevin Trangle, Plaintiff's expert witness, or other testimony lacking foundation.  In general, the Court will not allow undisclosed opinions from any expert's testimony. However, without specific testimony before the Court currently, any such claim is speculative.  Because there is no specific evidence before the Court at this time, the Court will reserve ruling on any potential evidence until trial and will apply the law as set forth above.

**E. Undisclosed Expert Opinions**

In addition to the above-referenced argument, Union Pacific next seeks to prevent Dr. Trangle from testifying beyond the scope of his disclosed expert opinion specifically that

he is familiar with Union Pacific's intent/motive/state of mind based on his involvement in past cases. Union Pacific asks the Court to preclude Dr. Trangle, from opining that its conduct was "punitive" or the result of "ill-will," or "shameful." Such testimony is generally inadmissible opinion testimony under Fed. R. Evid. 701 and 702, and Plaintiff avers it "does not intend to elicit [such] rhetoric." Filing No. 99 at 7. Again, it is difficult for the Court to rule on such a broad objection without the specific statement(s) at issue. Accordingly, the Court denies this motion in limine with the caveat that Union Pacific can raise any objections to opinion testimony at trial.

Also, Union Pacific asks the Court to limit Dr. Trangle's testimony to opinions that were included in his expert report(s) and preclude anything that was created after the expert reports were created including communications with Lang and/or his treating physicians after his deposition.

Fed. R. Civ. P. 26(a)(2)(B) requires an expert witness to provide a written report that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them. With regard to supplementing disclosures, Fed. R. Civ. P. 26(e)(2) provides:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Dr. Trangle's Expert Opinion was disclosed on March 15, 2024 (Filing No. 63-3) and a Supplemental Opinion was disclosed on April 30, 2024. Union Pacific has not objected to those disclosures. See Order on Final Pre-Trial Conference, Filing No. 94. Dr. Trangle

was deposed on October 1, 2025.  See Filing No. 63-2.  The court record shows no supplementation of Dr. Trangle's opinion after his deposition.

However, without the benefit of a showing of any specific testimony that Dr. Trangle may have changed, added, or supplemented in some other way, the Court cannot rule on this request.  Again, the Court will reserve ruling on any limiting evidence until trial and will apply the law as set forth above, including requiring that any expert testimony have been properly disclosed and supported by adequate foundation as required by the evidentiary and civil procedure rules.

**F.  Defendant's Motion in Limine to Bifurcate the Issue of the Amount of Punitive Damages**

Defendant seeks to bifurcate the trial, presenting liability and compensatory damages in the first phase, and punitive damages after the jury makes a decision on liability and compensatory damages.  Union Pacific argues Lang cannot establish entitlement to punitive damages.  Lang argues that bifurcation is unnecessary and inefficient.

Fed. R. Civ. P. 42(b) provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues."  Bifurcation under Rule 42(b) is left to the discretion of the trial court.  *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000).  Courts often bifurcate punitive damages from liability and compensatory damages because the punitive damages inquiry relies on different evidence that may unfairly prejudice the defendant or confuse the jury.  S*ee e.g., Jones v. Cargill, Inc.*, 490 F. Supp. 2d 978, 988 (N.D. Iowa 2007); 8 Moore's Federal Practice–Civil § 42.24[1] (collecting cases).

The Court finds it is appropriate to bifurcate punitive damages in this case.  To award punitive damages, the jury would be permitted to consider evidence such as Union Pacific's financial condition that may improperly prejudice the jury's determination of liability.  The plaintiff's requirement to demonstrate malice or recklessness is not bifurcated and must be proven during its case in chief.

Union Pacific's argument that Lang cannot show malice or recklessness such as would entitle him to punitive damages is premature and better addressed at trial.  Accordingly, Union Pacific's request to bifurcate punitive damages from the rest of the trial is granted.  The Court will assess at the close of evidence whether there has been a showing of malice or recklessness and determine if the issue of punitive damages will be presented to the jury.

**IT IS ORDERED:**

1. Plaintiff's Motion in Limine, Filing No. 89, is granted in part and denied in part as stated herein.

2. Defendant's Motion in Limine, Filing No. 92, is granted in part and denied in part as stated herein.

Dated this 21st day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

8