IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL LANG,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | **8:23CV261**<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on the parties' objections to deposition designations. Filing No. 101; Filing No. 112; Filing No. 113. The objections are overruled in part and sustained in part as stated herein.

**I. DEFENDANT'S OBJECTIONS**

First, Defendant filed an objection to Plaintiff's deposition designations regarding Dr. Joel Cotton's deposition taken in a prior case. Filing No. 101. Because Plaintiff states Dr. Cotton will now testify as a witness in the present case, the Court sustains Defendant's objection and prohibits Plaintiff from using Dr. Cotton's deposition taken in an earlier case.

Next, Defendant objects to the portion of James Mills's deposition and proposed demonstrative in which he states he will explain "economics according to the rules of law" as argumentative and misleading. Filing No. 112 at 1–2. The Court sustains this objection. *See S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003) ("[E]xpert testimony on legal matters is not admissible.").

Lastly, Defendant objects to Mills's testimony and proposed demonstrative stating the date Plaintiff was "cleared" to return to work because it maintains this is a disputed fact. Filing No. 112 at 2. While it is true that only Plaintiff's physicians had cleared him to

work while Defendant maintains its doctors opined he could not return to work, this is a matter which can be resolved on cross-examination and by the presentation of Union Pacific's own witnesses. This objection is overruled.

## II. PLAINTIFF'S OBJECTIONS

First Plaintiff objections to the portions of Mills's testimony concerning Lang's ownership interest in a family business because he argues it is not relevant to the question of mitigation of damages and is more prejudicial than probative. The Court agrees this evidence has no relevance to the issues in this case. "When an employer makes a discriminatory employment decision against an individual, that individual has a duty to look for another position to mitigate his damages." *Chalfant v. Titan Distribution, Inc.*, 475 F.3d 982, 992 (8th Cir. 2007). "Also, the individual's efforts do not have to 'be successful but must represent an honest effort to find *substantially equivalent* work.'" *Id.* (emphasis added) (quoting *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002)). Because an income from partial ownership in the family business (which also may have predated the end of Plaintiff's employment with Defendant) would not be substantially equivalent, it has no bearing his duty to mitigate damages. Plaintiff's objection is sustained.

Plaintiff objects to portions of Dr. Arun Kanmanthareddy's deposition in which he discusses the nature of a patent foramen ovale ("PFO"), whether a PFO may have caused Plaintiff's stroke, and the risk of a recurrent stroke. Filing No. 113 at 2. Plaintiff argues this constitutes a post hoc rationale for Defendant's imposition of work restrictions. *Id.* He argues this testimony violates Federal Rule of Evidence 403. The Court overrules this objection as Plaintiff will have the opportunity to examine Dr. Kanmanthareddy and present evidence of Union Pacific's rationale at the time the restrictions were imposed.

IT IS ORDERED:

1) Defendant's Objection, Filing No. 101, is sustained.

2) Defendant's Objections, Filing No. 112, are sustained in part and overruled in part as stated herein.

3) Plaintiff's Objections, Filing No. 113, are sustained in part and overruled in part as stated herein.

Dated this 3rd day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge